## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Select Comfort Corporation,                     Court File No. _____

        Plaintiff,

   vs.                                          **COMPLAINT**

BH Beds, Inc., d/b/a Discount Bed Shoppe        **JURY TRIAL DEMANDED**
and Beverly Hills Bed; and

George Margaretich, d/b/a Discount Bed
Shoppe and Beverly Hills Bed,

        Defendants.

Plaintiff, Select Comfort Corporation ("Select Comfort"), for its Complaint against Defendant BH Beds, Inc., d/b/a Discount Bed Shoppe and Beverly Hills Bed and George Margaretich, d/b/a Discount Bed Shoppe and Beverly Hills Bed (collectively "Defendants") states:

### NATURE OF THIS ACTION

1.      This is an action for damages and injunctive relief arising out of Defendants' unauthorized, false and misleading use of Select Comfort's Sleep Number® and Select Comfort® trademarks, and false and deceptive statements made to Minnesota consumers on Defendants' websites.

### PARTIES

2.      Select Comfort is a Minnesota corporation with its principal place of business in Minnesota.

3.      BH Beds, Inc. is a suspended California corporation which had or has a principal place of business in California.

4.      George Margaretich is an individual and resident of the state of California.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Venue lies in this District under 28 U.S.C. § 1391(b) and (c).

6.      This Court has personal jurisdiction over Defendants.  Defendants have purposefully, continuously and systematically conducted business in Minnesota by, *inter alia*, advertising, promoting and selling their air bed mattress products in Minnesota. Defendants' advertising, promotion and selling is conducted primarily through highly interactive websites accessible at the domain names beverlyhillsbed.com and discountbedshoppe.com and through online stores at ebay.com and blujay.com, through which Defendants offer for sale and sell products to Minnesota residents by making deceptive and misleading statements and by infringing Select Comfort's trademarks. Defendants thus transact business over the internet with Minnesota residents, enter into contracts with Minnesota residents via the internet, and collect payment for products from Minnesota residents via the internet.  Defendants have willfully engaged in unauthorized, false and misleading uses of Select Comfort's trademarks, which has caused and continues to cause harm to Select Comfort, a Minnesota resident.  Defendants continue to engage in unauthorized, false and misleading use of Select Comfort's

trademarks even after the nature of these uses have been brought to Defendants' attention by Select Comfort.

## FACTS

### SELECT COMFORT

7.    Select Comfort designs, manufactures and markets unique air bed products, many features of which are either proprietary or protected by the patent laws of the United States.  Select Comfort's Sleep Number® bed uses uniquely designed air chambers to provide a gentle cushion of support which can be easily adjusted to an individual's preference, comfort and firmness.  Studies show that the Sleep Number® bed relieves back pain and improves sleep quality.

8.    Select Comfort is the owner of all rights in the trademark Sleep Number®, including United States Trademark Registration Nos. 2,753,633, 2,618,999, 2,641,045 and 2,702,762.  True and correct copies of these registrations are attached as Exhibit A.

9.    Select Comfort is the owner of all rights in the trademark Select Comfort®, including United States Trademark Registration Nos. 1,581,562, 1,590,557 1,976,214, 2,702,763, 2,801,405, and 2,803,623.  True and correct copies of these registrations are attached as Exhibit B.

10.    Select Comfort has an excellent reputation for both its unique product line and superior quality of its products and services.  Select Comfort was ranked the number one bedding retailer in the United States by *Furniture/Today* for nine consecutive years.

11.    Sleep Number® beds and accessories are available nationwide at Select Comfort retail stores in major shopping malls and other locations, through the company's

national direct marketing operations, through the shopping network QVC, through partnerships with recreational vehicle distributors, as well as through Select Comfort's website at sleepnumber.com.

12.      Select Comfort markets its Sleep Number® beds and related goods through extensive advertising in media including newspapers, national circulation magazines, direct mailings, radio advertisements and television commercials and infomercials.

13.      As a result of the innovation and quality of its products, together with the widespread advertising and promotion thereof, Select Comfort has acquired a reputation for quality, integrity and innovation, and it is well-known as the leading seller of premium air-supported sleep products.

14.      As a result of widespread use in connection with the advertising and promotion of its Sleep Number® beds and related products, Select Comfort has developed substantial goodwill and national recognition in its Sleep Number® and Select Comfort® marks as a source of high-quality mattresses and bedding products.

15.      Indeed, the Sleep Number® and Select Comfort® marks have become two of the most widely recognized trademarks in the bedding industry.

**DEFENDANTS**

16.      Defendant BH Beds, Inc.'s corporate powers, rights and privileges are suspended such that it may not contract or otherwise transact business pursuant to Cal. Rev. & Tax. Code 23301 et. seq.

17.     To the extent any of the conduct alleged herein is attributable to Defendant BH Beds, Inc., Defendant BH Beds, Inc. does not have the power or right to defend itself against this action.

18.     Upon information and belief, Defendant Margaretich is and was at all times relevant herein the president and principal of BH Beds, Inc.

19.     Upon information and belief, Defendant Margaretich knew or had reason to know that BH Beds, Inc.'s corporate status had been suspended and that during its suspension, BH Beds, Inc. did not have the right or power to contract or otherwise transact business.

20.     Upon information and belief, Defendants BH Beds, Inc. and/or Defendant Margaretich have at all times relevant hereunder done business as Beverly Hills Bed and Discount Bed Shoppe.

21.     Upon information and belief, despite the suspended status of BH Beds, Inc., Defendant Margaretich continued and continues to do business as Beverly Hills Bed and Discount Bed Shoppe selling air mattresses and related bedding products through various websites to consumers in all 50 states.

22.     To this end, Defendants have or do operate websites at beverlyhillsbed.com and discountbedshoppe.com.  Both sites advertise and promote Defendants' products to consumers.

23.     Defendants offer for sale air mattresses and related products on beverlyhillsbed.com to consumers in all 50 states.

24.     Through a website at discountbedshoppe.com, Defendants direct consumers to an ebay store at ebay.com where Defendants sells air mattresses and related products to consumers in all 50 states.  ebay.com is an online shopping and auction website that allows people and businesses to both buy, and sell a broad variety of goods and services through ebay "stores."

25.     In addition, upon information and belief, Defendants operate a store at blujay.com where Defendants sell air mattresses and related products to consumers in all 50 states.  blujay.com is an online shopping and auction website that allows people and businesses to both buy, and sell a broad variety of goods and services through blujay.com "stores."

## DEFENDANTS' ACTIVITIES

26.     In connection with the sale and promotion of their air beds and related products, Defendants engage in unauthorized uses of Select Comfort's Sleep Number® and Select Comfort® trademarks.

27.     Defendants have no rights in the Sleep Number® and Select Comfort® trademarks.

28.     Defendants use Select Comfort's Sleep Number® and Select Comfort® trademarks and combinations thereof as advertisements and ad links on their beverlyhillsbed.com website and ebay.com and bluejay.com stores.  For example, Defendants use the following terms as ad links: "Select-A-Number," "Select A Number," "Select 50 Number Sleep Air Beds,"  "Sleep Comfort Number," "Select A Number Comfort," "Select A Number Sleep Comfort,"  "Select A Number Sleep in Comfort,"

"Select Number Air Comfort Beds," "Select Number Sleep Air Bed," "Number Sleep In Comfort Air Bed," "Sleep 50 Number Settings Select," and "Sleep 50 Number." Defendants use these terms in the sale and marketing of adjustable airbeds in a manner likely to create confusion with Select Comfort's Sleep Number® Bed.

29.     Defendants' use of "Select-A-Number," "Select A Number," "Select 50 Number Sleep Air Beds,"  "Sleep Comfort Number," "Select A Number Comfort," "Select A Number Sleep Comfort,"  "Select A Number Sleep in Comfort," "Select Number Air Comfort Beds," "Select Number Sleep Air Bed," "Number Sleep In Comfort Air Bed," "Sleep 50 Number Settings Select," and "Sleep 50 Number," to describe their competing air-bed products infringes and dilutes Select Comfort's Select Comfort® and Sleep Number® marks.  It also misleads, misdirects, deceives, and/or confuses the public at large and consumers as to the origin of Defendants' products and some association with genuine Sleep Number® beds.

30.     Defendants further attempt to deceive consumers, as well as Internet search engine algorithms, such as Google, Yahoo! Search, and Bing, by using Select Comfort's trademarks in the meta-information for its websites and domain names and through the use of confusing and infringing page headings.

31.     For example, when searching for Defendants' beverlyhillsbed.com website in Google, consumers are presented with the following page heading for Beverly Hills Bed, which directly infringes upon Select Comfort's Sleep Number® trademark and implies that Beverly Hills Bed sells genuine Sleep Number® products:



32.     Consumers who click on the Google links or otherwise visit Defendants'
websites are subjected to further deceptive and infringing uses of Select Comfort's
trademarks.

33.     For example, on Defendants' beverlyhillsbed.com website, Defendants
attempt to deceive consumers by claiming that Defendants sell the Sleep Number®
bed:



34.     This is false; Defendants do not sell or have rights to sell the Sleep Number® bed.

35.     On the beverlyhillsbed.com website, Defendants mislead and divert consumers to beds sold under their infringing "Select-A-Number" brand.

36.     Defendants engage in further unauthorized use of Select Comfort's Sleep Number® trademarks on ebay.com and bluejay.com.

37.     For example, Defendants' discountbedshoppe.com website directs consumers to their adjustableairbeds store on ebay.com.  To confuse and deceive consumers into believing that they sell Sleep Number® beds made by Select Comfort, Defendants use ad links for their products that infringe upon and combine the use of Select Comfort's trademarks, including but not limited to "Select-A-Number," "Select 50 Number Sleep Air Beds,"  "Sleep Comfort Number," "Select A Number Comfort," "Select A Number Sleep Comfort,"  "Select A Number Sleep in Comfort," "Select Number Air Comfort Beds," "Select Number Sleep Air Bed," "Number Sleep In Comfort Air Bed," "Sleep 50 Number Settings Select," and "Sleep 50 Number," to describe and sell their competing air-bed products.

38.     Upon information and belief, Defendants also describe and sell competing air-bed products on ebay.com via a store named discountonlineshop maintained by the.discount.shop.

39.     Under "Store Categories," the discountonlineshop store lists "Sleep Number Air Beds" as a link, in an attempt to deceive consumers to believe that the discountonlineshop ebay.com store sells legitimate Sleep Number® beds made by Select

Comfort®.



40.    This is false; discountonlineshop store does not sell and does not have rights to sell Sleep Number® beds.

41.    To further confuse and deceive consumers into believing that it sells Sleep Number® beds made by Select Comfort, the discountonlineshop store uses ad links that infringe upon and combine the use of Select Comfort's trademarks including, but not limited to "Select A Number Adjustable Sleep Comfort," and "Select Number Adjustable Sleep Comfort."

42.    Upon information and belief, Defendants also describe and sell competing

air-bed products on blujay.com via a store named discountbedshoppe maintained by 902101beds.

43.     discountbedshoppe does not sell and does not have rights to sell Sleep Number® beds.

44.     To confuse and deceive consumers into believing that it sells Sleep Number® beds made by Select Comfort, the discountbedshoppe blujay.com store uses ad links that combine the use of Select Comfort's trademarks including, but not limited to "Select Number Sleep Comfort," "Select Sleep Number Air Beds," "Sleep Number Select Your Comfort Air Bed," and "Select Comfort Style Sleep Number Beds."

45.     Defendants' ebay.com and blujay.com advertisements attempt to confuse consumers as to the source of Defendants' goods and to trade on Select Comfort's goodwill and reputation.

46.     Defendants further mislead and confuse consumers by using bed model names that are deceptively similar to Select Comfort's bed model names.

47.     Select Comfort's bed models include the p5, p6, i8, i10, and m7.

48.     On their beverlyhillsbed.com website, Defendants mimic Select Comfort's model names and purport to offer the p5000, p6000, i8000, i10,000, and i11,000 bed models.

49.     Similarly, on their ebay.com adjustableairbeds store link from discountbedshoppe.com, Defendants purport to offer p5000, p6000, i8000, i10,000, and m7000 bed models.

50.    Defendants' websites make extensive and repeated uses of the Sleep Number® and Select Comfort® trademarks, far beyond the minimal use necessary to identify Select Comfort's products for comparison purposes, and in a manner likely to cause confusion among consumers.

51.    The extensive uses of Select Comfort's Sleep Number® and Select Comfort® trademarks on Defendants' websites are calculated to, and do, increase the likelihood that consumers using the terms "Select Comfort" or "Sleep Number" in internet search engines will be directed to Defendants' websites.

52.    Defendants began their uses of the Sleep Number® and Select Comfort® trademarks as described herein long after Select Comfort began using said marks.

53.    The products which Defendants advertise and sell in connection with their unauthorized use of Select Comfort's trademarks are highly related to the products sold by Select Comfort in connection with Select Comfort's use of the Sleep Number® and Select Comfort® trademarks.

54.    By incorporating and using Select Comfort's marks, Defendants are unfairly trading on the goodwill and reputation for high quality earned by Select Comfort over the years.

55.    Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above is likely to cause confusion and/or deceive customers and potential customers of the parties, as to some affiliation, connection or association of Defendants with Select Comfort, or as to the origin, sponsorship, or approval of the goods of Defendants by Select Comfort.

56.     Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above falsely designates the origin of the goods of Defendants, and falsely and misleadingly describes and represents facts with respect to Defendants and the goods of Defendants.

57.     Defendants' misleading, confusing and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above enables Defendants to trade on and receive the benefit of goodwill in Select Comfort's trademarks which Select Comfort has built up at great labor and expense over many years.  This unauthorized use by Defendants also enables Defendants to gain acceptance for their own goods, not solely on the merits of those goods, but on the reputation and goodwill of Select Comfort and its own trademarks.

58.     The Sleep Number® and Select Comfort® trademarks are famous marks as that term is defined in 15 U.S.C. § 1125(c)(1).

59.     Defendants' misleading, confusing, and unauthorized use of the Sleep Number® and Select Comfort® trademarks and/or combinations thereof in the manner described above is likely to dilute the distinctive quality of Select Comfort's Sleep Number® and Select Comfort® marks.

60.     Defendants' misleading, confusing and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above unjustly enriches Defendants at Select Comfort's expense.

61.     Defendants' misleading, confusing and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above

removes from Select Comfort the ability to control the nature and quality of the products provided under those marks and places the valuable reputation and goodwill of Select Comfort in the hands of Defendants, and others, over whom Select Comfort has no control.

62. Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above is false and misleading.

63. Select Comfort has provided notice to Defendants of the improper use of Select Comfort's marks and demanded that Defendants cease the unauthorized uses of the marks. Defendants failed and refused to comply with Select Comfort's rightful requests and demands.

64. Defendants expect that consumers will rely on Defendants' false, deceptive, or misleading representations in purchasing products from Defendants.

65. Consumers do rely, and have relied, on Defendants' false, deceptive, or misleading representations in purchasing products from Defendants.

66. Defendants' acts as described above have injured Select Comfort by diverting customers from Select Comfort.

67. Defendants' false, deceptive, or misleading representations have caused injury to Select Comfort.

68. Defendants' acts complained of herein were and continue to be committed willfully and intentionally.

69.     Select Comfort has suffered and will continue to suffer monetary damages as a result of Defendants' wrongful acts.

70.     Defendants' activities have caused irreparable injury to Select Comfort and, unless enjoined by this Court, will continue to cause irreparable injury to Select Comfort, Minnesota consumers, and the public at large.   There is no adequate remedy at law for this injury.

**COUNT ONE**

**FEDERAL TRADEMARK INFRINGEMENT**

71.     Select Comfort repeats the allegations above as if fully set forth herein.

72.     The acts of Defendants complained of herein constitute infringement of Select Comfort's federally registered marks in violation of 15 U.S.C. § 1114(1).

73.     The Defendants' misleading, confusing and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above is likely to cause confusion or mistake and/or to deceive customers and potential customers of the parties regarding the origin, affiliation or relationship of Defendants' products and services, including confusion, mistake or deception regarding whether Defendants' or their products and services are related to, approved by, or somehow sponsored or affiliated with Select Comfort and Select Comfort's trademarks and products and services.

74.     Defendants are not authorized to sell, nor do they sell, Sleep Number® or Select Comfort® beds; and Defendants have no rights in the Sleep Number® or Select Comfort® marks.

75.     Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

76.     Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to Select Comfort and its trademarks.

## COUNT TWO

## FEDERAL UNFAIR COMPETITION

77.     Select Comfort repeats the allegations above as if fully set forth herein.

78.     The acts of Defendants complained of herein constitute trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a).

79.     Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above falsely designates the origin of the goods of Defendants.

80.     Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above is likely to cause confusion or mistake and/or to deceive customers and potential customers of the parties regarding the origin, affiliation or relationship of Defendants' products and services, including confusion, mistake or deception regarding whether Defendants or their products and services are related to, approved by, or somehow sponsored or

affiliated with Select Comfort and Select Comfort's trademarks and products and services.

81.     Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

82.     Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to Select Comfort and its trademarks.

**COUNT THREE**

**FEDERAL DILUTION OF TRADEMARK**

83.     Select Comfort repeats the allegations above as if fully set forth herein.

84.     The acts of Defendants complained of herein constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

85.     The Sleep Number® and Select Comfort® trademarks are distinctive and are famous marks as that term is defined in 15 U.S.C. § 1125(c)(1).

86.     Defendants' misleading, confusing, and unauthorized use of the Sleep Number® and Select Comfort® trademarks and/or combinations thereof in the manner described above is likely to dilute the distinctive quality of Select Comfort's Sleep Number® and Select Comfort® marks.

87.     Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

88.     Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause dilution and serious irreparable injury to Select Comfort and its trademarks.

## COUNT FOUR

## FEDERAL FALSE ADVERTISING

89.     Select Comfort repeats the allegations above as if fully set forth herein.

90.     The acts of Defendants complained of herein constitute the making of false representations, claims and statements in connection with goods distributed in interstate commerce in violation of 15 U.S.C. § 1125(a).

91.     Defendants' misleading, confusing and unauthorized use of Select Comfort's trademarks and/or combinations thereof, and Defendants' other conduct described above falsely and misleadingly describe and represent facts with respect to Defendants and the goods and services of Defendants.

92.     The Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above is likely to cause confusion or mistake and/or to deceive customers and potential customers of the parties regarding the origin, affiliation or relationship of Defendants' products and services, including confusion, mistake or deception regarding whether Defendants' or their products and services are related to, approved by, or somehow sponsored or affiliated with Select Comfort and Select Comfort's trademarks and products and services.

93.     The misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof, and Defendants' other conduct described above, and Defendants' representations regarding and purported comparison to Select Comfort and/or its products, are false, deceptive, and misleading.

94.     Defendants' conduct has been willful and in bad faith making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

95.     Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to Select Comfort and its trademarks.

**COUNT FIVE**

**DECEPTIVE TRADE PRACTICES**

96.     Select Comfort repeats the allegations above as if fully set forth herein.

97.     The acts of Defendants complained of herein constitute deceptive trade practices in violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325(D).44 *et seq.*

98.     Through Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof, Defendants have unlawfully passed off their goods or services as those of Select Comfort.

99.     Through Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof, Defendants have caused a likelihood

of confusion or misunderstanding as to the source, sponsorship, approval, or certification of their goods or services.

100.    Through Defendants' misleading, confusing and unauthorized use of Select Comfort's trademarks and/or combinations thereof, Defendants have caused a likelihood of confusion or misunderstanding as to their affiliation, connection, association with, or certification by Select Comfort.

101.    Through Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof, and through Defendants' other conduct described above, Defendants have represented that their goods have sponsorship, approval, characteristics, uses, benefits, or qualities that they do not have.

102.    Through Defendants' misleading, confusing and unauthorized use of Select Comfort's trademarks and/or combinations thereof, and through Defendants' other conduct described above, Defendants have falsely represented that their goods and services are of a particular standard, quality, or grade.

103.    Through Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof, Defendants have disparaged the goods, services, and business of Select Comfort by false or misleading representations of fact.

104.    Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to the public at large, and to Select Comfort and its trademarks.

## COUNT SIX

## UNLAWFUL TRADE PRACTICES

105.     Select Comfort repeats the allegations above as if fully set forth herein.

106.     The acts of Defendants complained of herein constitute violations of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq.*

107.     Through Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof, and through Defendants' other conduct described above, Defendants have knowingly misrepresented the true quality, ingredients, or origin of its merchandise in connection with its sale of said merchandise.

108.     Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to the public at large, and to Select Comfort and its trademarks.

## COUNT SEVEN

## FALSE STATEMENTS IN ADVERTISING

109.     Select Comfort repeats the allegations above as if fully set forth herein.

110.     The acts of Defendants complained of herein constitute false statements in advertising in violation of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67.

111.     Through Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof, and through Defendants' other

conduct described above, Defendants have made in their advertising material assertions, representations, or statements of fact which are untrue, deceptive, or misleading.

112.    Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to the public at large, and to Select Comfort and its trademarks.

## COUNT EIGHT

## CONSUMER FRAUD

113.    Select Comfort repeats the allegations above as if fully set forth herein.

114.    The acts of Defendants complained of herein constitute consumer fraud in violation of the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69 *et seq.*

115.    Through Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof, and through Defendants' other conduct described above, Defendants have used and are using fraud, false pretense, false promises, misrepresentations, misleading statements, and otherwise deceptive practices with the intent that others rely thereon in connection with the sale of its merchandise.

116.    Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to the public at large, and to Select Comfort and its trademarks.

## COUNT NINE

## UNJUST ENRICHMENT

117.   Select Comfort repeats the allegations above as if fully set forth herein.

118.   By Defendants' misleading and confusing use of and incorporation of Select Comfort's marks without Select Comfort's authorization, Defendants are unfairly trading on the goodwill and reputation developed by Select Comfort over the years.

119.   Defendants' misleading, confusing, and unauthorized use of Select Comfort's trademarks and/or combinations thereof in the manner described above enables Defendants to trade on and receive the benefit of goodwill in Select Comfort's trademarks which Select Comfort has built up at great labor and expense over many years.  This also enables Defendants to gain acceptance for their own goods, not solely on the merits of those goods, but on the reputation and goodwill of Select Comfort and Select Comfort's trademarks.

120.   The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Select Comfort's expense.

121.   Defendants' conduct and activities have caused irreparable injury to Select Comfort in an amount to be determined at trial and, unless enjoined by this Court, will continue to cause public confusion and serious irreparable injury to the public at large, and to Select Comfort and its trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Select Comfort prays for judgment as follows:

1.   A permanent injunction enjoining and restraining Defendants and their agents, employees, officers, servants, representatives, successors and assigns and others in active concert or in participation with Defendants:

a.   from the use, in any manner whatsoever, of the terms or phrases "Select-A-Number," "Select A Number," "Select 50 Number Sleep Air Beds,"  "Sleep Comfort Number," "Select A Number Comfort," "Select A Number Sleep Comfort,"  "Select A Number Sleep in Comfort," "Select Number Air Comfort Beds," "Select Number Sleep Air Bed," "Number Sleep In Comfort Air Bed," "Sleep 50 Number Settings Select," Sleep 50 Number," and "Number Bed," or combinations or variations thereof, including phonetic equivalents;

b.   from using any of the false and/or misleading advertising statements described above;

c.   to deliver up for destruction, or otherwise destroy all advertising and promotional materials, including signage, packages, containers, freights, cartons, receptacles, wrappers, art work, products or other materials containing any use of the Sleep Number® or Select Comfort® trademarks or any false or misleading statements; and

d.   with such injunction including a provision directing Defendants to file with the Court and serve on Select Comfort within thirty (30) days following the injunction a report in writing, and under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

2.   Requiring a payment of damages or an accounting of profits made by Defendants as a result of the acts complained of herein;

3.      Awarding damages equal to three times the amount suffered as provided by 15 U.S.C. § 1117, together with attorneys' fees;

4.      Awarding prejudgment interest; and

5.      Awarding Select Comfort its costs, disbursements, and attorneys' fees, together with such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Select Comfort requests a trial by jury on all claims and issues triable by jury.

Dated:  December 4, 2012          **OPPENHEIMER WOLFF & DONNELLY LLP**

By:      s/ Dennis E. Hansen
      Andrew S. Hansen (# 285894)
      Dennis E. Hansen  (# 386734)
      Michelle R. Schjodt (# 390490)

Campbell Mithun Tower, Suite 2000
222 South Ninth Street
Minneapolis, Minnesota  55402
Telephone:  (612) 607-7000
Fax Telephone:  (612) 607-7100
ahansen@oppenheimer.com
dhansen@oppenheimer.com
mschjodt@oppenheimer.com

**ATTORNEYS FOR PLAINTIFF**
**SELECT COMFORT CORPORATION**